E-FILED
Thursday, 11 June, 2026  04:54:00 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

MICHAEL CURTIS BROUGHTON,
    Plaintiff,

v.

TOWN OF NORMAL, ILLINOIS;
NORMAL POLICE DEPARTMENT;
MCLEAN COUNTY UNIT 5
SCHOOL DISTRICT; and
INDIVIDUAL VICE
DETECTIVES/HANDLERS (John
Does 1-5),
    Defendants.

Case No. 1:26-cv-01212-JEH-RLH

### Order

Now before the Court are *pro se* Plaintiff Michael Curtis Broughton's "Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915(A)(1)" (D. 2), his "Motion for Recruitment of Counsel Pursuant to 28 U.S.C. § 1915(E)(1)" (D. 3), his "Enhanced Motion for Leave to File a Conformed Supplement to State Court Docket Exhibits" (D. 4), his "Unified Omnibus Motion for Leave to File a Conformed Supplement and Instant Judicial Notice Pursuant to Federal Rule of Evidence 201" (D. 12), his "Unified Omnibus Motion for Leave to File a Conformed Supplement and Instant Judicial Notice Pursuant to Federal Rule of Evidence 201" (D. 13), his "Enhanced Motion for Leave to File a Conformed Evidence Repository and Memorandum in Support of Record Override Jurisdiction" (D. 17), his "Enhanced Motion for Recruitment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)" (D. 18), and 21 additional filings, including nine amended

1

complaints.[1]  For the reasons set forth below, the Plaintiff's Motion for Leave to Proceed IFP (D. 2) is GRANTED, his first Enhanced Motion (D. 4) is GRANTED, his "Fifteenth Amended Complaint and Demand for Judicial Remedy" (D. 1)[2] is DISMISSED with prejudice, his first Motion for Recruitment of Counsel (D. 3) is MOOT, and his remaining motions are all DENIED.

The Plaintiff's Motion for Leave to Proceed IFP sufficiently demonstrates that he is unable to pay the costs of these proceedings, and thus, the Motion is granted.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP.  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).  A court shall dismiss a case at any time if:  1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

Here, the Court first notes that Plaintiff has unceasingly filed documents with the Court beginning with his "Fifteenth Amended Complaint" on May 21, 2026 and continuing, thus far, with his Seventh Amended Complaint on June 10, 2026.  The Court notes that even a *pro se* party must follow the Federal Rules and procedural rules of the U.S. District Court for the Central District of Illinois.  *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("it is also well established that pro se litigants are not excused from compliance with procedural

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] The Plaintiff nowhere explains how his first-filed document in this case, his first-filed complaint, is a *fifteenth* amended complaint.  The Court cites that document herein as "Pl.'s Compl."

rules"). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must provide a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Here, the Plaintiff has done anything but that insofar as he has submitted several "amended" complaints, an improper letter, various "Notices," and duplicative documents, numbering, all together, hundreds of pages. While the Court has done at least a cursory review of all of the documents, it is not obligated to sift through such a multitude of filings with a fine-toothed comb, particularly given the pleading standard set forth in Rule 8(a).

The Plaintiff invokes the Court's federal question subject matter jurisdiction via 42 U.S.C. § 1983. He alleges he is a "honorably retired, 100% Permanently and Totally (P&T) Disabled Combat Veteran." Pl.'s Compl. (D. 1 at ECF p. 1); *see also* Pl.'s Seventh Am. Compl. (D. 29 at ECF p. 2) (stating the Plaintiff "is an honorably medically retired veteran of the United States Army"). He further alleges that in 1991, at the age of seven, he "was subjected to severe childhood sexual assault, exploitation, and profound physical trauma at Fairview Elementary School", a K-12 school managed by Defendant Unit 5 School District. Pl.'s Compl. (D. 1 at ECF p. 3); *see also* Pl.'s Seventh Am. Compl. (D. 29 at ECF p. 3) ("Plaintiff experienced severe childhood trauma before the law enforcement events alleged [in his Seventh Amended Complaint]."). He alleges between 2002 and 2004, he was, among other things, "clandestinely recruited" by the regional vice task forces of Defendant Normal Police Department and while under severe duress, was forced to execute covert undercover drug purchases from regional criminal networks. Pl.'s Compl. (D. 1 at ECF p. 3); *see also* Pl.'s Seventh Am. Compl. (D. 29 at ECF p. 3) ("Between approximately 2001 and 2003, vice division personnel targeting regional narcotics operations recruited and directed Plaintiff, who was then a minor child between the ages of 16 and 17, to act as an undercover confidential informant in active narcotics field operations."). He also alleges the physical

3

trauma and "neurobiological destruction" caused by the combined impact of the 1991 childhood assault and extreme stress of the 2002-2004 forced vice deployments are clinically corroborated by objective medical records, including comprehensive 2006 surgical pathology notes. Pl.'s Compl. (D. 1 at ECF p. 3). He says he became the target of a "multi-decade continuum of witness harassment, cyber-stalking, and physical intimidation" by regional felony-level narcotics targets investigated during the vice operations, and that "active, hostile threat environment" forced the Plaintiff to execute a legal surname change and "flee the geographic borders of the state for his physical survival." Pl.'s Compl. (D. 1 at ECF p. 4). In his Seventh Amended Complaint, the Plaintiff no longer names the Normal Police Department or McLean County Unit 5 School District. To the extent the Plaintiff has repetitively filed amended complaints, a party is permitted to amend its pleading *only once* as a matter of course. FED. R. CIV. P. 15(a)(1). For the sake of completeness and given the Plaintiff's amended complaint filings, the Court considers his earliest and most recently filed complaints together.

A two-year statute of limitations applies for claims brought pursuant to Section 1983. *Woods v. Ill. Dep't of Child. and Fam. Servs.*, 710 F.3d 762, 766 ("[T]his court has consistently held that the limitations period applicable to § 1983 actions brought in Illinois is the two-year period for general personal injury actions set forth in 735 ILCS 5/13–202.") (internal citations omitted). Here, the incidents underlying the Section 1983 claims allegedly occurred in 1991, from 2002-2004, and over a "multi-decade continuum." Pl.'s Compl. (D. 1 at ECF pp. 3, 4); *see also* Pl.'s Seventh Am. Compl. (D. 29 at ECF p. 2) ("From approximately 1985 through 2003, Plaintiff was a minor child residing in McLean County, Illinois, where the events central to this action transpired."). In recognition of filing his Complaint in 2026, the Plaintiff argues the "statutory clock" paused pursuant to federal military tolling contained in the Servicemembers Civil Relief Act, 50 U.S.C. § 3936, and

pursuant to the equitable tolling doctrine.  Pl.'s Compl. (D. 1 at ECF p. 4); *see also* Pl.'s Seventh Am. Compl. (D. 29 at ECF p. 6) (alleging "minority tolling, SCRA tolling, and delayed discovery/equitable tolling operated in sequence such that this action is timely . . .").  The Plaintiff's arguments do not render his Section 1983 claims timely filed.

The Illinois discovery rule tolls the statute of limitations until a plaintiff knows or should know that he has been injured and that his injury was wrongful. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *see Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) ("For claims brought under § 1983, we borrow the limitations period and tolling rules applicable to personal-injury claims under state law.").  "In childhood sexual abuse cases, the discovery rule applies when a plaintiff 'allege[s] that she repressed the memories' of the abuse." *Sharon F. v. Martin*, No. 21 C 2756, 2022 WL 874666, at *2 (N.D. Ill. Mar. 24, 2022) (quoting *Parks v. Kownacki*, 727 N.E.2d 287, 294 (Ill. 2000)).  Here, the Plaintiff alleges he "suppressed conscious awareness of the 1991 assault injuries until specialized clinical therapy in 2022."  Pl.'s Compl. (D. 1 at ECF p. 4).  The Plaintiff did not file the instant Complaint until May 21, 2026, making it two years late.  Any tolling that would otherwise be provided by the Servicemembers Civil Relief Act does not render the Complaint timely filed; the Plaintiff states he was in active duty military service from 2003 to 2018, but, again, 2022 is the time period the Court must look to given the Plaintiff's very own allegations of when he became aware of the 1991 childhood sexual abuse. *See, e.g., Lynch v. U.S.*, 135 Fed. Cl. 494, 500 (Fed. Cl. 2017) ("Time in service, however, is not included in calculating any period of limitation; accordingly, the six-year period in which a claim for back pay due to failure to promote must be filed *begins upon the member's discharge.*") (emphasis added) (internal citations omitted).  Additionally, though the Plaintiff does not argue as much, the Court notes that the 20-year statute of

limitations contained in the Illinois Childhood Sexual Abuse Act, 735 Ill. Comp. Stat. 5/3-202.2, does not apply. *See Woods*, 710 F.3d at 768 ("To sum up, we reiterate our holding that the limitations period applicable to all § 1983 claims brought in Illinois is two years, as provided in 735 ILCS 5/13–202, and this includes § 1983 claims involving allegations of failure to protect from childhood sexual abuse[.]").

As for the Plaintiff's Section 1983 claims based upon the Defendants' alleged placement of him in a life-threatening undercover vice environment, yet again, equitable tolling does not save those claims. The Plaintiff says equitable tolling applies to these claims because "regional narcotics *targets* effectively blocked him from safely seeking earlier judicial recourse[.]" Pl.'s Compl. (D. 1 at ECF p. 4) (emphasis added). In other words, in his original Complaint, the Plaintiff alleges he was delayed in filing his claims against the Defendants because of third parties' actions. In his Seventh Amended Complaint, he says equitable tolling applies because "severe, clinically recognized trauma-related dissociative amnesia prevented him from consciously recalling, organizing, or understanding the causal connection between his childhood/adolescent operations and his adult injuries until late 2022 to mid-2023 . . .". Pl.'s Seventh Am. Compl. (D. 29 at ECF p. 6). A claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief, and this is true even though the full extent of the injury is not then known or predictable[.]" *Woods*, 710 F.3d at 766. To the extent the Plaintiff complains of the Defendants "coerc[ing]" him into "vice labor," the Court must look to the time period in which that occurred – between 2002 and 2004. His Section 1983 claims based upon that time period are clearly late, and the year of his exit from military service – 2018 – also clearly does not render those claims timely. Nor does looking to late 2022 or mid-2023.

Moreover, a continuing tort theory does not save the Plaintiff's claims because the state actors who allegedly violated his "fundamental civil rights" are not the same individuals who subsequently created a "hostile threat environment." *Momo Enters., LLC v. Banco Popular of N. Am.*, 2017 WL 4357391, at *4 (N.D. Ill. Sep. 30, 2017) ("Under a 'continuing tort' theory, where a tort involves continuous or repeated injurious behavior *by the same actor(s) and of a similar nature*, a plaintiff's cause of action does not accrue, and the limitations period does not begin to run, until the date the final injury occurs or the tortious acts cease.") (emphasis added). Nor is the conduct by the Defendant state actors and third parties of a similar nature. *Id.*; *see also Jensen v. Cnty. of Cook*, 2024 WL 942628, at *18 (N.D. Ill. Mar. 5, 2024) (same). The Plaintiff's Section 1983 claims must be dismissed as untimely.

In light of the Court's finding, no federal claims remain in this case. "A district court has 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *West v. Hoy*, 126 F.4th 567, 575 (7th Cir. 2025) (quoting 28 U.S.C. § 1367(a)). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

The Plaintiff's first Enhanced Motion is granted to the extent the Court has considered the Plaintiff's representations therein. The information he provides in the Enhanced Motion does not undermine the Court's reasoning as to why his "Fifteenth Amended Complaint" is untimely. The same can be said for the Plaintiff's subsequently filed documents.

The Court declines to exercise supplemental jurisdiction over the Plaintiff's claim for intentional infliction of emotional distress. Furthermore, the Court will

not grant the Plaintiff another opportunity to amend his complaint; any amendment would be futile in light of the Court's statute of limitations findings as to the Plaintiff's federal claims. *See Florance v. Barnett*, No. 23-1453, 2023 WL 7017085, at *3 (7th Cir. Oct. 25, 2023) ("The problems we have described are matters of law and cannot be remedied with new or augmented factual allegations."). In other words, it is certain from the face of the "Fifteenth Amended Complaint" and Seventh Amended Complaint that any amendment would be otherwise unwarranted. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

For the foregoing reasons, the Plaintiff's Motion for Leave to Proceed IFP (D. 2) is GRANTED, his first "Enhanced Motion for Leave to File a Conformed Supplement to State Court Docket Exhibits" (D. 4) is GRANTED only to the extent the Court has considered it, and the Plaintiff's "Fifteenth Amended Complaint" (D. 1) is DISMISSED WITH PREJUDICE. The Plaintiff's "Motion for Recruitment of Counsel Pursuant to 28 U.S.C. § 1915(E)(1)" (D. 3) is accordingly MOOT. The Plaintiff's "Unified Omnibus Motion for Leave to File a Conformed Supplement and Instant Judicial Notice Pursuant to Federal Rule of Evidence 201" (D. 12), "Unified Omnibus Motion for Leave to File a Conformed Supplement and Instant Judicial Notice Pursuant to Federal Rule of Evidence 201" (D. 13), "Enhanced Motion for Leave to File a Conformed Evidence Repository and Memorandum in Support of Record Override Jurisdiction" (D. 17), and "Enhanced Motion for Recruitment of Counsel Pursuant to 28 U.S.C. 1915(e)(1)" (D. 18) are all DENIED. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on June 11, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

8